UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STERLING J.M. LLAMAS,

                         Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

                         Defendant.

Case No. 2:16-cv-00555-RAJ-KLS

REPORT AND RECOMMENDATION

Noted for March 17, 2017

        Plaintiff has brought this matter for judicial review of defendant's denial of his

application for supplemental security income (SSI) benefits. This matter has been referred to the

undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28

U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned

recommends that the Court reverse defendant's decision to deny benefits and remand this matter

for further administrative proceedings.

                        FACTUAL AND PROCEDURAL HISTORY

        On September 26, 2011, plaintiff filed an application for SSI benefits, alleging he became

disabled beginning November 1, 2008. Dkt. 9, Administrative Record (AR) 816. That

application was denied on initial administrative review and on reconsideration. *Id.* A hearing was

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil
Procedure 25(d), Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the
defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect
this change.

REPORT AND RECOMMENDATION - 1

held before an administrative law judge (ALJ), at which plaintiff appeared and testified. AR 31-60.

In a written decision dated July 19, 2012, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that he was not disabled. AR 17-26. Plaintiff's request for review was denied by the Appeals Council on March 12, 2014, which became the final decision of the Commissioner. AR 1, § 416.1481. Plaintiff appealed that decision to this Court, which on March 17, 2015, reversed the ALJ's decision and remanded the matter for further administrative proceedings. AR 898-912.

On remand, a second hearing was held before the same ALJ, at which plaintiff appeared and testified, as did a vocational expert. AR 843-73. In a written decision dated December 18, 2015, the ALJ found that prior to July 1, 2015, plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that he was not disabled. AR 832-33. The ALJ further found, however, that as of July 1, 2015, there were no jobs plaintiff could perform, and therefore he was disabled as of that date. AR 833.

It appears the Appeals Council did not assume jurisdiction of this matter, making the ALJ's decision the Commissioner's final decision, which plaintiff appealed in a complaint filed with this Court on April 27, 2016. Dkt. 1-3, 20 C.F.R. § 416.1481. Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, or in the alternative for further administrative proceedings, arguing that with respect to the period prior to July 1, 2015, the ALJ erred:

(1)  in failing to comply with this Court's prior order remanding this matter;

(2)  in rejecting the medical opinion evidence from Rolf Kolden, M.D., David Rowlett, M.D., and David Widlan, Ph.D.;

(3)  in assessing plaintiff's residual functional capacity (RFC); and

REPORT AND RECOMMENDATION - 2

(4)   in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in rejecting the opinion evidence from Dr. Widlan, and thus in assessing plaintiff's RFC and in finding he could perform other jobs existing in significant numbers in the national economy prior to July 1, 2015. The Court finds, however, that remand for further administrative proceedings, rather than an outright award of benefits, is warranted.

DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v.*

REPORT AND RECOMMENDATION - 3

*Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one

rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome,"

the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v.*

*Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.      The ALJ's Evaluation of the Opinion Evidence from Dr. Widlan

        The ALJ is responsible for determining credibility and resolving ambiguities and

conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where

the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions

solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations,

"the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d

595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or

are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical

opinions "falls within this responsibility." *Id.* at 603.

        In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

"must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this

"by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences

"logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may

draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881

F.2d 747, 755, (9th Cir. 1989).

        The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

REPORT AND RECOMMENDATION - 4

1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

With respect to the medical opinion evidence from Dr. Widlan, the ALJ found:

In July 2014 . . . Dr. Widlan opined that the claimant had moderate limitations in his abilities to plan independently, to maintain appropriate behavior, to ask simple questions, to be aware of normal hazards, to make simple decisions, to perform routine tasks, or to maintain regular attendance. He opined that the claimant had moderate to severe limitations in his abilities to complete a normal workday, to perform effectively in a work setting, or to adapt to changes in a work setting. I give minimal weight to the assessment from Dr. Widlan. He gave no expressed basis for his multifaceted assessment of disability, which appears to have been heavily based on the claimant's self-report. As discussed in this decision, I find the claimant has limited credibility

REPORT AND RECOMMENDATION - 5

1
2
3
4

> in regards to his psychological state. His work history, activities since
> September 2011, and longitudinal examination findings are consistent with the
> ability to be gainfully employed in simple tasks involving routine social
> interaction and occasional changes in routine. Based on the claimant's
> objective evidence of record (previously summarized in regards to the
> "paragraph B" criteria), I give greater weight to other psychological
> assessments.

5
6
7

AR 828 (internal citation omitted). Plaintiff argues the reasons the ALJ gave for rejecting the

assessment Dr. Widlan provided are not adequate. The Court agrees.

8
9
10
11
12
13
14
15
16
17
18
19

As plaintiff points out, contrary to the ALJ's statement, the evaluation report Dr. Widlan

completed contains psychological testing and mental status examination results – as well as Dr.

Widlan's own personal observations – which certainly could support the functional assessment

Dr. Widlan provided. For example, the psychological testing indicated plaintiff was in the severe

range for depression. AR 1130. Plaintiff also was noted to be agitated, to have paranoid ideation,

and to be in the impaired range in terms of concentration. AR 1130-31. Further, to the extent Dr.

Widlan relied on plaintiff's subjective reporting, there is no indication that he relied heavily or

any more so on such reporting than the above objective findings. AR 1127-31; *Ghanim v. Colvin*,

763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen [a medical] opinion is not more heavily based on

a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the

opinion.").

20
21
22
23
24
25
26

The Court also finds the ALJ's additional determination that plaintiff's work history,

activities since September 2011, longitudinal examination findings, and "objective evidence of

record," are not sufficiently specific to allow for proper judicial review. *Garrison v. Colvin*, 759

F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns

it little weight while doing nothing more than ignoring it, asserting without explanation that

another medical opinion is more persuasive, or criticizing it with boilerplate language that fails

REPORT AND RECOMMENDATION - 6

1    to offer a substantive basis for his conclusion."). The ALJ's reference to "other psychological

2    assessments" is similarly nonspecific. While the ALJ did refer to a prior portion of her decision

3    for a summary of what she characterized as the "objective evidence of record" (AR 820-21, 828),

4    that summary contained references to both subjective reporting and medical findings, and thus it

5    is not exactly clear what aspects of the summary the ALJ relied on to support her rejection of Dr.

6    Widlan's assessment.

7

8    II.     The ALJ's Assessment of Plaintiff's RFC

9           The Commissioner employs a five-step "sequential evaluation process" to determine

10   whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not

11   disabled at any particular step thereof, the disability determination is made at that step, and the

12   sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at step four of

13   the process to determine whether he or she can do his or her past relevant work, and at step five

14   to determine whether he or she can do other work. Social Security Ruling (SSR) 96-8p, 1996 WL

15   374184, at *2. It is what the claimant "can still do despite his or her limitations." *Id.*

16

17           A claimant's RFC is the maximum amount of work the claimant is able to perform based

18   on all of the relevant evidence in the record. *Id.* However, an inability to work must result from

19   the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those

20   limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing

21   a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related

22   functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

23   medical or other evidence." *Id.* at *7.

24

25           The ALJ in this case found that prior to July 1, 2015, plaintiff had the RFC:

26          **to perform light work . . . except he could perform simple, routine tasks**
          **and follow short, simple instructions. He could do work that needed little**

REPORT AND RECOMMENDATION - 7

**or no judgment and could perform simple duties that could be learned on the job in less than thirty days. He could respond appropriately to supervision, but should not have been required to work in close coordination with coworkers where teamwork was required. He could deal with occasional changes in the work environment that required no interaction with the general public.**

AR 821 (emphasis in the original). But because as discussed above the ALJ erred in rejecting the opinion evidence from Dr. Widlan, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's functional limitations.

III.    The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found that prior to July 1, 2015, plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 832-33. But because as discussed above

REPORT AND RECOMMENDATION - 8

the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert – and thus that expert's testimony and the ALJ's reliance thereon – also cannot be said to be supported by substantial evidence or free of error.

IV.    Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Plaintiff argues the evidence in the record supports a finding that he is incapable of performing fulltime work. The Court finds, however, that the record is far from clear in that regard. More specifically, because issues remain in regard to the medical opinion evidence, plaintiff's RFC, and his ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues, rather than an award of benefits, is warranted.

REPORT AND RECOMMENDATION - 9

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ properly determined plaintiff to be not disabled, and therefore that it affirm defendant's decision to deny benefits.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **March 17, 2017**, as noted in the caption.

DATED this 28th day of February, 2017.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10